IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LEE D. CRAYTON, <br> TDCJ No. 918103, <br><br> Petitioner, <br><br> V. <br><br> DIRECTOR, TDCJ-CID, <br><br> Respondent. | § § § § § § § § § § § | <br><br><br><br><br> No. 3:23-cv-2265-K-BN |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Petitioner Lee D. Crayton, a Texas prisoner, was convicted of aggravated sexual assault in Dallas County and sentenced to life imprisonment. *See State v. Crayton*, No. F98-70332 (Crim. Dist. Ct. No. 1, Dall. Cnty., Tex. Nov. 17, 1999), *aff'd*, No. 05-00-00253-CR (Tex. App. – Dallas Oct. 9, 2001, no pet.).

Crayton previously sought habeas relief under 28 U.S.C. § 2254 as to this conviction and sentence, and his application was denied with prejudice as time barred. *See Crayton v. Davis*, No. 3:17-cv-1954-L-BT, 2018 WL 4627097 (N.D. Tex. Aug. 15, 2018), *rec. accepted*, 2018 WL 4615996 (N.D. Tex. Sept. 25, 2018).

Crayton has now filed a habeas challenge to this conviction under 28 U.S.C. § 2241. *See* Dkt. No. 3. And United States District Judge Ed Kinkeade referred it to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

This filing by a state prisoner should be construed as seeking relief under Section 2254, and since Crayton previously exercised his one opportunity to seek

relief under Section 2254 as to this conviction, the undersigned enters these findings of fact, conclusions of law, and recommendation that, because the Court lacks jurisdiction to consider the successive petition, this action should be transferred to the United States Court of Appeals for the Fifth Circuit for appropriate action.

## Discussion

To start, the habeas application is, in substance, one under Section 2254 because Crayton is collaterally attacking a state conviction. And Crayton may not skirt the Antiterrorism and Effective Death Penalty Act of 1996, the statutory scheme applicable to such petitions, by labeling his application as one under Section 2241. *See Felker v. Turpin*, 518 U.S. 651, 664 (1996).

In fact, *Felker*, among other authority, empowers the district court to – "[i]rrespective of the label a petitioner uses" – "consider a filed habeas petition under the proper statutory framework." *Hallman v. Waybourn*, No. 4:20-cv-686-O, 2021 WL 1105330, at *1 (N.D. Tex. Feb. 10, 2021) (citing *Felker*, 518 U.S. at 662-65; *Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2020) (relying on *Felker*); *Solsona v. Warden, F.C.I.*, 821 F.2d 1129, 1132 n.1 (5th Cir. 1987)).

Under the applicable statutory framework then, "[a] state prisoner is entitled to one fair opportunity to seek federal habeas relief from his conviction. But he may not usually make a 'second or successive habeas corpus application.'" *Banister v. Davis*, 140 S. Ct. 1698, 1702 (2020) (quoting 28 U.S.C. § 2244(b)). As such, Section 2244

> lays out the requirements for filing successive petitions, serving as gate-keeper by preventing the repeated filing of habeas petitions that attack

> the prisoner's underlying conviction. The statute does not define "second or successive," however, and we have made clear that a petition is not "second or successive" merely because it is numerically second.
> ...
> Later habeas petitions attacking the same judgment that was attacked in a prior petition tend to be labeled successive and must meet the standards for authorization under § 2244. In contrast, later habeas petitions attacking distinct judgments, administration of an inmate's sentence, a defective habeas proceeding itself, or some other species of legal error – when the error arises after the underlying conviction – tend to be deemed non-successive. In essence, if the purported defect existed, or the claim was ripe, at the time of the prior petition, the later petition is likely to be held successive even if the legal basis for the attack was not. If, however, the purported defect did not arise, or the claim did not ripen, until after the conclusion of the previous petition, the later petition based on that defect may be non-successive.

*Leal Garcia v. Quarterman*, 573 F.3d 214, 220, 222 (5th Cir. 2009) (footnotes omitted).

Crayton already exercised his "one fair opportunity to seek federal habeas relief from his conviction." *Banister*, 140 S. Ct. at 1702. And the current claims allege defects in the conviction that "existed ... at the time of the [first federal] petition ... even if the legal basis for the [current] attack was not" known to Crayton when he filed an initial Section 2254 application, *Leal Garcia*, 573 F.3d at 222. *Accord In re Will*, 970 F.3d 536, 540 (5th Cir. 2020) (per curiam). Crayton therefore presents claims that are successive.

And his failure to first obtain authorization from the court of appeals under 28 U.S.C. § 2244(b)(3) deprives the district court of jurisdiction to consider the habeas application. *See Leal Garcia*, 573 F.3d at 219 ("Without such authorization, the otherwise-cognizant district court has no jurisdiction to entertain a successive § 2254 petition." (footnote omitted)). But, because this appears to be Crayton's first successive federal habeas petition as to this state conviction, the Court should cure

this want of jurisdiction by transferring the habeas application to the Fifth Circuit for appropriate action. *See* 28 U.S.C. § 1631.

## Recommendation

The Court should transfer the successive application for a writ of habeas corpus under 28 U.S.C. § 2254 to the United States Court of Appeals for the Fifth Circuit for appropriate action.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 17, 2023

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE